IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HERITAGE HANDOFF HOLDINGS, LLC,

    Plaintiff,

v.

RONALD FONTANELLA,

    Defendant.

Civil Action No. 16-691-RGA

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Heritage Handoff Holdings' Motion for Partial Summary Judgment. (D.I. 68). The matter is fully briefed. (D.I. 69, 85, 89). For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

### I. BACKGROUND

On August 10, 2016, Plaintiff filed this suit against Defendant Ronald Fontanella asserting claims for breach of contract, violation of federal securities laws, common law fraud, violation of the Connecticut Unfair Trade Practices Act, and declaratory judgment. (D.I. 1).

The dispute arises out of a stock purchase agreement between the parties pursuant to which Plaintiff acquired from Defendant all issued and outstanding shares of stock in the J.J. Ryan Corporation. (*Id.* ¶ 2). Plaintiff alleges that Defendant induced it to acquire the company by making various misrepresentations and omissions in regard to the company's customer relationships, the condition of its machinery and equipment, and its finances and operations, among other things. (*Id.* ¶ 3).

On September 30, 2016, Defendant answered Plaintiff's complaint and asserted two counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. (D.I. 8). Plaintiff now moves for summary judgment on those counterclaims.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

## III. DISCUSSION

### A. Breach of Contract

Plaintiff seeks summary judgment on Defendant's breach of contract counterclaim. That claim alleges that Plaintiff breached Section 4.1(d) of the parties' stock purchase agreement by failing to pay Defendant pre-closing tax refunds or credits received by the company. (D.I. 8 at 13–14).

Plaintiff's principal argument is that Section 4.1(d) unambiguously states that Plaintiff, not Defendant, is entitled to pre-closing tax refunds or credits. (D.I. 69 at 4, 6–7).

2

Defendant responds that Section 4.1(d) contains a scrivener's error. More specifically, he maintains that Section 4.1(d) erroneously states that the "Purchaser" will receive pre-closing tax refunds or credits, rather than the "Shareholder," that is, Defendant. (D.I. 85 at 15). According to Defendant, Plaintiff's construction "conflicts with the commercial realities and business context facing the parties" when the agreement was "negotiated and consummated." (*Id.* at 14 (citation omitted)).

Section 4.1(d) of the parties' stock purchase agreement provides:

> Any tax refunds received by the Company and any amounts credited against Taxes to which the Company and the Purchaser become entitled, that relate to Tax periods or parties [sic] of Tax periods ending on or before the Closing Date shall be for the account of the Shareholder and the Company shall pay to the Purchaser any refund or the amount of any such credit as this fifteen (15) days after receipt by the Company or the Purchaser.

(D.I. 69, Exh. A at 19).

As a matter of contract interpretation, I think Plaintiff is correct. The plain language of Section 4.1(d) provides that the Company is to pay to the Purchaser, that is, Plaintiff, any pre-closing tax refunds or credits the Company receives. On the record before me, however, and drawing all reasonable inferences in Defendant's favor at this stage, I think there is a genuine dispute of material fact as to whether Section 4.1(d)'s statement that the Purchaser is to receive pre-closing tax refunds is in fact the result of a mutual or unilateral mistake and thus fails to comport with the parties' intent at the time they entered into the purchase agreement. Indeed, based on the presentation of evidence so far, it seems to make little sense to me that the Purchaser would receive pre-closing tax refunds or credits. But that is an issue for trial.

Accordingly, Plaintiff's motion is **DENIED** as to Defendant's breach of contract counterclaim.

3

## B. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff seeks summary judgment on Defendant's counterclaim for breach of the covenant of good faith and fair dealing. That claim alleges that Plaintiff breached the implied covenant by failing to pay Defendant pre-closing tax refunds and by failing to provide him tax returns. (D.I. 8 at 14).

Plaintiff's principal argument is that this claim "is entirely duplicative of [Defendant's] breach of contract claim." (D.I. 69 at 8).

Defendant counters that his implied covenant claim is based on Plaintiff's refusal to provide Defendant company tax returns that would permit him to calculate the amount to which he is entitled under the parties' agreement. (D.I. 85 at 8, 17–18).

Defendant seems to ignore that his counterclaim is expressly based on, at least in part, Plaintiff's alleged "failure and refusal . . . to pay [Defendant] the amount of the tax refunds or credits received by the Company." (D.I. 8 at 14). Defendant has failed to identify any gap in the parties' agreement that the implied covenant might fill in regard to the payment of any such refunds. Indeed, Section 4.1(d) of the agreement expressly covers that subject. (*See* D.I. 69, Exh. A at 19). Thus, Defendant's counterclaim fails to the extent it is based on Plaintiff's failure to pay Defendant refunds. *See Fisk Ventures, LLC v. Segal*, 2008 WL 1961156, at *10 (Del. Ch. May 7, 2008) ("[B]ecause the implied covenant is, by definition implied, . . . it cannot be invoked where the contract itself expressly covers the subject at issue."); *Allied Capital Corp. v. GC-Sun Holdings, LP*, 910 A.2d 1020, 1032 (Del. Ch. 2006) ("[I]mplied covenant analysis will only be applied when the contract is truly silent with respect to the matter at hand . . . .").

As to Defendant's claim that Plaintiff breached the covenant by refusing to provide him tax returns, Defendant, in his opposition, acknowledges that the parties' agreement includes a

4

section that provides, "The Shareholder and the Purchaser shall cooperate fully, as and to the extent reasonably requested by the other party, in connection with the filing of Tax Returns and any Legal Proceeding with respect to Taxes." (D.I. 69, Exh. A at 19). The agreement additionally provides, "Each party hereto shall execute and cause to be delivered to each other party . . . documents . . . as such other party may reasonably request (at or after the Closing) for the purpose of carrying out or evidencing any of the transactions contemplated by this Agreement." (*Id.* at 26).[1]

Thus, the agreement expressly imposes an obligation on the parties to "cooperate fully" and "execute and cause to be delivered" certain documents requested by the other party. In other words, it is not silent on the conduct Defendant cites as the basis for his implied covenant claim. The covenant, therefore, cannot be invoked to challenge Plaintiff's refusal to provide Defendant tax returns. *See Segal*, 2008 WL 1961156, at *10; *Allied Capital Corp.*, 910 A.2d at 1032.[2]

Plaintiff's motion is **GRANTED** as to Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing.

---

[1] Citing language from these two provisions, Defendant argues, "The implied covenant . . . fills the specific gaps left by these discretionary standards." (D.I. 85 at 18). I disagree. Defendant is correct that, under Delaware law, "when a contract provides discretion to one party, and the scope of that discretion is not specified the implied covenant requires that the discretion be used reasonably and in good faith." *Policemen's Annuity & Benefit Fund of Chi. v. DV Realty Advisors LLC*, 2012 WL 3548206, at *12 (Del. Ch. Aug. 16, 2012) (citation omitted). Here, however, the standards cited by Defendant, which impose obligations on both parties to the agreement, are not discretionary. They are mandatory. And to the extent they are discretionary, the scope of the discretion is specified. The first states that the "Shareholder and the Purchaser *shall* cooperate fully," and the second provides that each party to the agreement "*shall* execute and cause to be delivered" documents requested. To the extent there is any discretion in these standards under the circumstances in which Defendant seeks to invoke the covenant, that discretion lies with Defendant—that is, he may make "reasonable" requests of the other party to the agreement. Where a contract states that a party must act "reasonably," however, it appropriately states the scope of the party's discretion; thus, there is no gap for the implied covenant to fill. *Cf. Wilmington Leasing, Inc. v. Parrish Leasing Co., L.P.*, 1996 WL 560190, at *2 (Del. Ch. Sept. 25, 1996) (finding in a contract an implied requirement that a party act reasonably in exercising discretion where contract did not otherwise specify scope of party's discretion).

[2] Because I conclude the covenant cannot be invoked to challenge Plaintiff's failure to provide Defendant tax returns, I need not address Plaintiff's argument that Defendant's claim is moot because Plaintiff produced the tax returns on March 30, 2017. (D.I. 89 at 11).

5

## IV. CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (D.I. 68) is **GRANTED IN PART** and **DENIED IN PART**.

Entered this 25 day of July 2018.

*Richard G. Andrews*
United States District Judge