IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HERITAGE HANDOFF HOLDINGS, LLC,

    Plaintiff,

v.

RONALD FONTANELLA,

    Defendant.

Civil Action No. 16-691-RGA

### MEMORANDUM ORDER

Presently before the Court is Defendant Ronald Fontanella's Motion for Leave to Amend and Supplement His Answer and Counterclaims. (D.I. 73). The matter is fully briefed. (D.I. 74, 81, 88). For the reasons stated herein, it is **HEREBY ORDERED** that Defendant's motion is **DENIED** as to proposed Counts Four, Five, Seven, Eight, and Nine, and is otherwise **GRANTED**.

By way of background, Plaintiff Heritage Handoff Holdings filed this suit against Defendant on August 10, 2016. (D.I. 1). On September 30, 2016, Defendant answered Plaintiff's complaint and asserted two counterclaims. (D.I. 8). Plaintiff subsequently moved for summary judgment on those counterclaims. (D.I. 68). On July 25, 2018, I granted Plaintiff's motion as to Defendant's claim for breach of the covenant of good faith and fair dealing, and denied it as to his claim for breach of contract. (D.I. 130). Defendant seeks to assert seven new counterclaims and to amend his previously asserted counterclaims. (*See* D.I. 74, Exh. B).[1]

---

[1] Defendant also seeks to amend his affirmative defenses. I do not understand Plaintiff to be objecting to those amendments. In any event, in light of my finding below that Defendant has met the good cause standard under Federal Rule of Civil Procedure 16, I see no reason to deny Defendant's motion as to those amendments.

Defendant filed his motion to amend on November 21, 2017. (D.I. 73). The deadline was March 15, 2017. (D.I. 13).

A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he good cause standard under [Federal Rule of Civil Procedure] 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Frères v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). "Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the standard under [Federal Rule of Civil Procedure] 15." *Intellectual Ventures I LLC v. Toshiba Corp.*, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016) (citing *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)).

As an initial matter, I think the good cause standard under Rule 16(b) has been met. While it appears that Defendant possessed at least some of the relevant facts and documents prior to the expiration of the deadline to amend, it seems to me that Defendant acted diligently once he became aware of the issues underlying his proposed amendments.

Having concluded Defendant has met the Rule 16(b) good cause standard, I now turn to Rule 15. Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however, for reasons of undue delay, bad faith on part of the moving party, undue prejudice to the non-moving party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's opposition to Defendant's motion to amend implicates two of the factors under Rule 15 that weigh against permitting amendments. They are undue prejudice and futility of

2

amendment.[2]

Undue prejudice occurs "when allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent [a party] from bringing a timely action in another jurisdiction." *Intellectual Ventures*, 2016 WL 4690384, at *1 (quoting *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). To show undue prejudice, Plaintiff must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). A proposed amendment would be futile if "the complaint as amended is frivolous, advances a claim that is legally insufficient on its face, or fails to state a claim upon which relief can be granted." *Intellectual Ventures*, 2016 WL 4690384, at *1 (citation omitted). "The decision to grant a motion for leave to amend is within the sound discretion of the District Court." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

Defendant's proposed Counts One and Two relate to the issue of pre-closing tax refunds, which was the subject of Plaintiff's motion for partial summary judgment. Those counts seek reformation of Section 4.1(d) of the parties' stock purchase agreement based on mutual mistake and unilateral mistake, respectively. (D.I. 74, Exh. A at 23–24 ¶¶ 56–68). As to those counts, Plaintiff argues undue prejudice under Rule 15. (D.I. 81 at 8–9).[3] I am not persuaded. The payment of pre-closing tax refunds pursuant to Section 4.1(d) has been an issue in this case since Defendant filed his answer in September 2016. While Plaintiff has not taken any deposition

---

[2] I note that Plaintiff makes arguments in regard to Defendant's delay in seeking to amend his counterclaims. Each of those arguments is made pursuant to Rule 16, however. Thus, I do not understand Plaintiff to be arguing undue delay under Rule 15.

[3] Plaintiff also argues untimeliness under Rule 16. (D.I. 81 at 8). As stated above, however, I think Defendant has met the good cause standard under that Rule.

3

testimony specifically on the issue of the scrivener's error that forms the basis of Defendant's counterclaims, I do not think allowing Defendant to pursue those claims would require Plaintiff to expend significant additional resources or delay the resolution of the dispute. Indeed, Plaintiff does not make any argument to that effect. Nor do I think Plaintiff would be disadvantaged or otherwise deprived of the opportunity to present facts or evidence at trial. Thus, Defendant's motion is **GRANTED** as to proposed Counts One and Two.

Defendant's proposed Count Three similarly relates to the issue of pre-closing tax refunds. (D.I. 74, Exh. A at 25–26 ¶¶ 69–72 (asserting claim for breach of Section 4.1(d) of the parties' agreement)). In his answer to Plaintiff's complaint, Defendant asserted a nearly identical breach of contract counterclaim and now seeks to amend that claim. (*See id.*, Exh. B at 27 ¶¶ 69–72). Plaintiff argues Defendant has failed to show good cause under Rule 16. (D.I. 81 at 9–10). As stated above, I think Defendant has satisfied the Rule 16 good cause standard. I note, however, that paragraph 70 of Defendant's proposed amendment, which states that "Section 4.1(d) of the Agreement states that Heritage 'shall' pay any tax refunds or credits 'received by the Company' to Fontanella within 15 days of receipt," conflicts with the express terms of Section 4.1(d) as it is currently written. (*See* D.I. 74, Exh. A at 19). I therefore understand Defendant's proposed Count Three to come into play only if Defendant prevails on his claim for reformation of Section 4.1(d). Defendant's motion is **GRANTED** as to Count Three.

Unlike Counts One through Three, Defendant's proposed Counts Four, Five, and Nine all relate to issues that have not previously been a part of this case. Count Four alleges that Plaintiff breached Section 1.2(b) of the agreement by failing to make quarterly note payments to Defendant. (D.I. 74, Exh. A at 26 ¶¶ 73–77). Count Five alleges that Plaintiff failed to fulfill its obligation to perform "compliance activities," which, as I understand it, relate to environmental

remediation. (*Id.* at 27 ¶¶ 78–84). In Count Nine, Defendant seeks to recover money Plaintiff allegedly owes to Sperry Mitchell, who assigned his claim to Defendant. (*Id.* at 30–31 ¶¶ 104–110). As to these counts, Plaintiff makes various arguments related to untimeliness, futility of amendment, and undue prejudice. (*See* D.I. 81 at 10–16, 20–21). I am persuaded that allowing Defendant to pursue these counts would be unduly prejudicial to Plaintiff. That is because Plaintiff would be required to expend significant resources to conduct discovery on various issues wholly unrelated to any of the issues that have thus far been a part of this case. Accordingly, Defendant's motion is **DENIED** as to proposed Counts Four, Five, and Nine.

Defendant's proposed Count Six alleges that in breach of the parties agreement, Plaintiff failed to provide Defendant company tax returns and information related to environmental compliance activities. (D.I. 74, Exh. A at 28 ¶¶ 85–89). Plaintiff argues this proposed count is untimely under Rule 16. (D.I. 81 at 16). As stated above, I think Defendant has met the Rule 16 good cause standard. Accordingly, Defendant's motion is **GRANTED** as to proposed Count Six.

Defendant's proposed Count Seven alleges that Plaintiff breached the covenant of good faith and fair dealing by failing to provide Defendant information related to the company's tax returns and environmental compliance activities. (D.I. 74, Exh. A at 28–29 ¶¶ 90–96). I previously granted Plaintiff's motion for summary judgment on the implied covenant counterclaim that Defendant asserted in his answer to Plaintiff's complaint. (*See* D.I. 130 at 4–5). That counterclaim related only to Plaintiff's refusal to provide Defendant company tax returns, whereas Defendant's amended counterclaim includes allegations related to the company's compliance activities. (*Compare* D.I. 8 at 14 ¶¶ 15–18, *with* D.I. 74, Exh. A at 28–29 ¶¶ 90–96).

Plaintiff argues this proposed count is untimely and would otherwise be futile. (D.I. 81 at 16–17). I agree with Plaintiff that it would be futile. Defendant fails to identify any relevant gap in the parties' agreement that the implied covenant might fill. *See Allied Capital Corp. v. GC-Sun-Holdings, L.P.*, 910 A.2d 1020, 1032 (Del. Ch. 2006) (stating that "implied covenant analysis will only be applied when the contract is truly silent with respect to the matter at hand"). Indeed, Defendant's amended counterclaim seems to be based on the same facts that underlie proposed Count Six, which alleges breach of contract. As Plaintiff points out, a party generally cannot assert a claim for breach of the implied covenant based on the same conduct which is said to be in breach of express provisions in a contract. *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 141, n.32 (Del. Ch. 2004) (citation omitted).[4] Thus, the implied covenant cannot be invoked to challenge Plaintiff's alleged failure to provide Defendant information related to the company's environmental compliance activities.[5] Defendant's motion is **DENIED** as to Count Seven.

Finally, Defendant's proposed Count VIII alleges that Plaintiff has violated the Connecticut Unfair Trade Practices Act ("CUTPA"). (D.I. 74, Exh. A at 29–30 ¶¶ 97–103). Plaintiff argues this claim is untimely and would otherwise be futile. (D.I. 81 at 18–20). I agree with Plaintiff that it would be futile.

Under Connecticut law, "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). Whether a practice is "unfair" turns on, among other things, whether it "offends

---

[4] In his opposition, Defendant makes an argument related to "discretionary standards" in the stock purchase agreement. (D.I. 88 at 11–12). I understand this argument to be essentially the same as an argument Defendant made in opposing Plaintiff's motion for partial summary judgment. In ruling on that motion, I rejected that argument, and for the same reasons stated in that memorandum order, I do so again. (*See* D.I. 130 at 5 n.1).

[5] I previously held that in light of an express provision in the parties' agreement, neither could the covenant be invoked to challenge Plaintiff's alleged failure to provide Defendant company tax returns. (*See* D.I. 130 at 4–5).

6

public policy," is "immoral, unethical, oppressive, or unscrupulous," or "causes substantial injury to consumers." *Emlee Equip. Leasing Corp. v. Waterbury Transmission, Inc.*, 595 A.2d 951, 953 (Conn. Super. Ct. 1991) (citation omitted). Although there appears to be some disagreement among Connecticut courts, *see Castelino v. Fairview Condo. Ass'n, Inc.*, 2014 WL 7495065, at *3 (Conn. Super. Ct. Nov., 21, 2014), they generally seem to agree that "a breach of contract claim is not a CUTPA violation unless the circumstances surrounding the breach include deception or allegations of unfairness that rise to the level of immoral, oppressive, or unethical conduct in business relations," *id.* (citations omitted); *see, e.g., Waterbury*, 595 A.2d at 954. Accordingly, in asserting a violation of CUTPA, "a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." *Waterbury*, 595 A.2d at 954.

In this case, Defendant has failed to allege substantial aggravating circumstances required to establish a claim under CUTPA. Although Defendant's counterclaim does more than allege breach of contract, it states only in conclusory fashion that Plaintiff's various contract breaches were "a product of unfair and deceptive conduct involving malice, bad faith, and/or violations of public policy or accepted conceptions of fairness." (D.I. 74, Exh. A at 30 ¶ 98). Under the *Twombly/Iqbal* pleading standard, however, factual allegations must provide more than labels, conclusions, or a "formulaic recitation" of claim elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendant's factual allegations related to aggravating circumstances, which are wholly conclusory, do not do so here. Defendant has failed to allege facts that would allow the Court to draw the reasonable inference that Plaintiff has violated CUTPA. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). Thus, I conclude Defendant's proposed CUTPA counterclaim would be futile. Accordingly, Defendant's motion is **DENIED** as to Count Eight.

Entered this 25 day of July 2018.

*Richard G. Andrum*
United States District Judge