IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERITAGE HANDOFF HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RONALD FONTANELLA,<br><br>Defendant. | Civil Action No. 1:16-cv-00691-RGA |

**MEMORANDUM**

Presently before me are Heritage Handoff Holdings, LLC's Motion for Attorneys' and Professionals' Fees, Costs, Expenses, and Post-Judgment Interest (D.I. 187) and Plaintiff Ronald Fontanella's Motion for Reasonable Attorneys' Fees, Costs, and Expenses (D.I. 189). The Parties have fully briefed the issues. (D.I. 188, 189, 198, 200, 202, 203).

For the reasons discussed below, I will award Mr. Fontanella $120,743.52, plus any costs or fees incurred litigating his motion, and I will award Heritage Handoff Holdings ("Heritage") $538,405.05, plus any costs or fees incurred litigating both its motion and Plaintiff's Motion to Alter or Amend the Judgment. I will also award post-judgment interest pursuant to 28 U.S.C. § 1961.

I entered final judgment in this case on March 13, 2019. (D.I. 186). I awarded Mr. Fontanella $499,520.72 for breach of contract and Heritage $5,266,899.13 for breach of contract and securities fraud. (*Id.*). The Parties now request attorneys' fees and costs pursuant to the Stock Purchase Agreement ("SPA"). The SPA provides that the Purchaser (Heritage) and the Shareholder (Mr. Fontanella) shall each indemnify the other for "Damages" arising out of their breaches of the SPA. (PTX 4 at § 6.1-6.2). The SPA defines "Damages" to include:

actual damages, penalties, fees, fines, costs, amounts paid in settlement, liabilities, Taxes, losses, consequential damages actually paid to third parties, reasonable expenses, including court costs and reasonable attorneys' and other professionals' fees and expenses, . . . and any other costs of enforcing an Indemnified Party's rights under this Agreement or any Related Agreement.

(PTX 4, Exh. A at 2-3).

The Parties agree on a number of key issues. They agree that the language of the SPA entitles them to attorneys' fees and costs for the claims on which they prevailed. They also do not dispute the reasonability of the other's hourly billable rates. Thus, the only issues for me to decide are (A) whether Mr. Fontanella preserved his right to attorneys' fees and (B) what portion of its fees Heritage should receive.

### A. Mr. Fontanella's Attorneys' Fees

The Parties agree that the awardable amount of attorneys' fees attributable to Mr. Fontanella's successful claims should be $120,743.52. (D.I. 202 at 1). Plaintiff, however, argues that Mr. Fontanella waived his right to attorneys' fees by failing to raise the issue in his complaint. Plaintiff's argument ignores the fact that Mr. Fontanella requested fees in the pretrial order. (D.I. 140 at 17-18). Once adopted, the pretrial order supersedes all other pleadings in a case. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (citing Fed. Rule Civ. Proc. 16(e)). Plaintiff did not object to Mr. Fontanella's request for attorneys' fees at or before the pretrial conference. Thus, I find that Mr. Fontanella did not waive his right to collect such fees. I will award Mr. Fontanella the agreed amount, $120,743.52. I will also award Mr. Fontanella the fees he incurred litigating his motion.

### B. Heritage's Attorneys' Fees

Plaintiff reports incurring between $803,999.40 and $897,341.75 in fees and expenses for its successful claims through judgment and an additional $50,144.88 spent on its motion. (D.I. 203 at 10). Its suggested fees award is derived from an application of the lodestar method. (D.I.

2

188 at 3). The lodestar method is normally applied in cases where the "prevailing party" is statutorily entitled to receive all of its reasonable attorneys' fees. *See, e.g., Knight v. Int'l Longshoremen's Ass'n*, 2012 WL 1132761, at *4 (D. Del. Mar. 29, 2012) (statutory fees calculated using the lodestar method in Labor Management Reporting and Disclosure Act case); *Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 272 (D. Del. 2010) (statutory fees calculated using the lodestar method in Delaware Uniform Trade Secrets Act case); *Tobin v. Gordon*, 614 F. Supp. 2d 514, 518 (D. Del. 2009) (statutory fees calculated using the lodestar method in Civil Rights Act case). The Parties agree, however, that neither of them is entitled to all of its fees. Thus, the lodestar method is not a natural fit for this case.

Mr. Fontanella suggests, based on an application of the "reasoned fraction" approach, that Plaintiff should receive 35% of the $975,038.75 in costs and fees it incurred in this case. (D.I. 198 at 6, 13). The reasoned fraction approach is appropriate when "it is not reasonably possible to parse between which fees are recoverable fees [and] which are not." *Dow Chem. Canada Inc. v. HRD Corp.*, 2013 WL 3942052, at *1 (D. Del. July 29, 2013). This occurs, for example, when work for which a party owes fees overlaps with work for which it does not. *Id.* As the SPA awards fees only for claims on which a party prevails, it is necessary to apportion the cost of the litigation between Plaintiff's claims. Thus, I agree with Mr. Fontanella that application of the reasoned fraction approach is appropriate in this case. I do not, however, agree with his proposed fraction. Instead, I will independently determine the reasoned fraction in this case.

As an initial matter, the Parties agree that Plaintiff's costs incurred litigating Mr. Fontanella's counterclaims are not recoverable. Thus, I will subtract the cost of defending the counterclaims, $77,697 (D.I. 203 at 1 n.2), from the award. This leaves $897,341.75.

3

Next, I recognize that there are certain baseline costs that do not vary depending on the number of claims litigated in a case. It is difficult to determine exactly which portion of the cost of litigation is constant, but I believe 20% is a reasonable estimate in this case. That 20% represents costs that Plaintiff incurred as a result of all claims but would have incurred if it had litigated only the claims on which it prevailed. Thus, I will award Plaintiff 20% of $897,341.75—$179,468.35.

Based on having presided over the trial and my assessment of the post-trial briefing, the remaining 80% of fees that Plaintiff incurred litigating this case was likely split about evenly between the customer-based claims and the equipment-based claims. Thus, I will assign half of the variable costs (40%) to the customer-based claims on which Plaintiff prevailed—$358,936.70.

In total, I will award Plaintiff 60% of its costs incurred litigating its claims—$538,405.05. That number represents a reasonable estimate of the fraction of attorneys' fees and costs attributable to the claims on which Plaintiff succeeded. I will also award Plaintiff the entirety of its costs incurred litigating its motion for attorneys' fees and litigating Defendant's Motion to Alter Judgment or Amend the Judgment (D.I. 197), assuming those costs are not included in the present figures.

I will also grant the Parties post-judgment interest pursuant to 28 U.S.C. § 1961.

The Parties should meet and confer regarding the final figures and submit to the Court a proposed order consistent with this Memorandum within one week.